**UNITED STATES of America,**
**Appellee,**

v.

**Guido CABRAL, also known as Martin**
**Rivera, Defendant–Appellant.**

**Docket No. 04–1736–CR.**

United States Court of Appeals,
Second Circuit.

June 29, 2005.

Harry Sandick, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern, District of New York (Robin L. Baker, of counsel), New York, NY, for Appellee.

Howard M. Simms, New York, NY, for Defendant–Appellant.

PRESENT: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Guido Cabral ("Cabral") appeals from a judgment and sentence entered following his conviction (1) for conspiracy to distribute, and to possess with intent to distribute, five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841, 846; (2) for bail jumping, in violation of 18 U.S.C. § 3146; (3) for possession with intent to distribute 24 grams of cocaine, in violation of 21 U.S.C. § 841; and (4) for assaulting and causing bodily injury to a federal officer, in violation of 18 U.S.C. § 111(a)(1), (b). We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

Cabral correctly challenges the validity of his sentence following the Supreme Court's decision in *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Since, however, this argument was not presented below, we

---

1. The relevant regulatory provisions discussed above are currently codified at 8 C.F.R. § 1003.2(a), (c) (2005).

**360**

remand this case to the district court for consideration of resentencing pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

We have considered all of Cabral's other arguments and find them to be without merit. Cabral's guilty plea was adequately supported by a factual record establishing all the elements of the offense. *See, e.g., United States v. Maher,* 108 F.3d 1513, 1520–21 (2d Cir.1997); *see also United States v. Richards,* 302 F.3d 58, 67 (2d Cir.2002). The introduction of certain hearsay testimony did not violate the Confrontation Clause, for the hearsay statements Cabral avers to (including a law enforcement official's contemporaneous declarations of pain in the midst of a violent struggle with Cabral) were decidedly non-testimonial under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Finally, we decline to address Cabral's arguments regarding an aggravated assault enhancement under the Guidelines, for that enhancement, even if erroneously applied (and we express no opinion whatsoever on the question), had no bearing on Cabral's ultimate sentence. *See United States v. Bermingham,* 855 F.2d 925, 931 (2d Cir.1988).

The judgment of the district court is AFFIRMED, and the case REMANDED for consideration of resentencing.